## MOSCOWITZ v. SASSULSKY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. PARTNERSHIP (§ 17*)—SHARING PROFIT—MUTUAL AGENCY—INTENT OF PAR-
   TIES.
   
   Where plaintiff refused to accept G. as a partner, but agreed to give him one-half the profits on a job of work for his services, the relation between plaintiff and G. was not a partnership.
   
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 3; Dec. Dig. § 17.*]

2. PARTNERSHIP (§ 5*)—COMMUNITY OF INTEREST IN PROFITS.
   
   The specific interest in the profits necessary to constitute a partnership is a proprietary one, existing before the division into shares.
   
   [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 5.*]

3. MECHANICS' LIENS (§ 255*)—PARTNERSHIP—CLAIM FOR SERVICES.
   
   Where plaintiff agreed to give G. half of the profits for his services on work done for defendant, but refused to take him as a partner, G. had no interest in a mechanic's lien filed by plaintiff; but such claims as he may have for compensation are against plaintiff, and not against defendant.
   
   [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 255.*]

Appeal from Kings County Court.

Action by Sam Moscowitz against Samuel Sassulsky and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Solomon S. Schwartz, for appellants.

Forrest S. Chilton, for respondent.

JENKS, J. The defendants appeal from a judgment of foreclosure of a mechanic's lien. They concede that the "real issue" was whether there was a copartnership between the plaintiff and Goldberg, who is not a party. The County Court held against them upon this issue.

It is not disputed that the plaintiff agreed to pay to Goldberg one-half of the profits. The plaintiff's version of this arrangement is that when Levy, the original associate of the plaintiff in the work, withdrew after a few days, the plaintiff offered to continue the work, whereupon the defendant Sassulsky insisted that the plaintiff must give Goldberg, his brother-in-law, the opportunity to take part in the work. The plaintiff refused to take Goldberg as a partner, but offered to give to him one-half of the profits in return for his services. The work did not call for a large number of men, and Goldberg acted as superintendent in the absence of the plaintiff. There is nothing anomalous in the amount of this compensation for Goldberg's services, in view of their character and the attitude, if not the virtual coercion,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Goldberg's brother-in-law, one of the owners of the premises. So far as the evidence shows, the plaintiff himself, to quote his own language, was "the boss of the job," and Goldberg's sole relation to the work was in the rendition of services. In Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244, the court, per Folger, J., say:

> "And so Mr. Parsons, in his book on Partnership, quoting Lord Eldon, Ex parte Hamper: 'But if he has a specific interest in the profits themselves, as profits, he is a partner,' and adds, 'undoubtedly he is; every principle of the law of partnership leads to this conclusion.' He contends, however, that the specific interest in profits, which is to make a person a partner, must be a proprietary interest in them, existing before the division of them into shares. See, also, 3 Kent's Commentaries, *25, note b, where it is said: 'The test of partnership is a community of profits; a specific interest in the profits as a compensation for services.' The courts of this state have always adhered to this doctrine and applied or recognized it in the cases coming before them."

I think, then, that Goldberg was not to be regarded as a partner. If this is so, it is immaterial what he sought to do as a partner without either the authority, the assent, or the ratification of the plaintiff. Under these circumstances Goldberg had no concern with the lien filed by the plaintiff and prosecuted by him, and Goldberg's claim for any part of his compensation unpaid is against the plaintiff, and not against the defendants. If the plaintiff saw fit to consent that his lien should be reduced in its amount, that is his own concern.

I advise that the judgment be affirmed, with costs. All concur.